United States District Court
Southern District of Texas
**ENTERED**
April 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff, § | |
| § | |
| v. § | **CRIMINAL NO. 2:15-512-1** |
| § | |
| **OSVALDO MORFIN-MARTINEZ,** § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant Osvaldo Morfin-Martinez's Motion to Request the Application of Missing Jail Credit. D.E. 156. Defendant moves the Court to order the Bureau of Prisons' (BOP) Designation and Sentence Computation Center to credit his federal sentence for the 113 days he spent in the custody of the Kenosha (Wisconsin) Sheriff's Department following his March 4, 2015 arrest by ICE agents until he was transferred into federal custody on June 25, 2015.

The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal

court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10 – 542.16 and collecting cases). There is nothing in the record indicating that Defendant has presented his complaints regarding his sentence to the BOP, nor does he claim that he has done so.

Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant's motion states that he is incarcerated in McRae-Helena, Georgia, which is located in the Southern District of Georgia. Assuming Defendant remains incarcerated in McRae-Helena, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

For the foregoing reasons, Defendant's motion regarding jail credit (D.E. 156) is **DENIED**.

ORDERED this 19th day of April, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE